UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARNETTA DAVIS | ) | CASE NO. 1:21-CV-00651 |
| | ) | |
| and | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| REKEYTA JOHNSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZA BRYANT VILLAGE | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | **ENDORSED HEREON** |

## AMENDED COMPLAINT

Plaintiffs Arnetta Davis ("Davis"), Rekeyta Johnson ("Johnson") (collectively, "Plaintiffs") allege as follows for their Amended Complaint against Defendant Eliza Bryant Village ("Defendant"):

1.      Davis began working for Defendant in about 2013.

2.      Johnson has worked for Defendant for over ten years.

3.      Defendant is an Ohio non-profit corporation, doing business in Cuyahoga County, Ohio.

4.      In about August 2017, Defendant promoted Davis.

5.      In about August 2017, Defendant promoted Johnson.

6.      Defendant still employs Johnson.

7.      Davis is still seeking work at Defendant on a "PRN" (also known as an "as needed") basis.

8.     At the time of Davis's promotion in about August 2017, Defendant increased Davis's pay and also claimed that it was now paying her on a salary exempt basis.

9.     Davis, however, has never been a salary exempt employee while working for Defendant.

10.    Defendant also purported to give Johnson a promotion around August 2017 and claimed to now pay her on a salary exempt basis.

11.    Johnson has never been a salary exempt employee while working for Defendant.

12.    Since at least August 2017, Defendant has never paid Plaintiffs time-and-a-half overtime wages for their hours worked over forty in a workweek.

13.    Defendant only pays Plaintiffs (at most) their regular hourly rate for their hours worked over forty in a workweek.

14.    Perhaps in an attempt to disguise its illegal wage payments, Defendant breaks up Plaintiffs' listed pay into two separate categories on their pay stubs, identified as "Salary 1" and "Salary 2."

15.    Under "Salary 1," for the first forty hours per week that Plaintiffs work, Defendant pays Plaintiffs $2,121.60 per two-week pay period.

16.    Under "Salary 2," for any hours over forty in a workweek that Plaintiffs work, Defendant pays Plaintiffs at an hourly rate of $28 per hour for each of these overtime hours. Defendant never pays Plaintiffs time-and-a-half overtime wages for their hours worked over forty in a workweek.

17.    Plaintiffs work or worked for Defendant as LPNs.

18.    Davis's primary job duties were the performance of LPN nursing work (such as assisting Registered Nurses, assisting with patient comfort, and checking patient vital signs),

2

checking rooms to make sure they are prepared for new admissions, compiling welcome kits for new patients/residents, emailing census numbers to staff, and attending meetings.  Johnson's primary job duties are also the performance of LPN nursing work (such as assisting Registered Nurses, assisting with patient comfort, and checking patient vital signs).  Johnson also checks rooms for cleanliness and resident well-being, she checks admission incident reports and discharges, and she also attends meetings.

19.     Since August 2017, Plaintiffs have complained numerous times about Defendant's failure to pay them time-and-a-half overtime wages for their hours worked over forty in a workweek.

20.     In the past, Defendant falsely told Plaintiffs that it did not owe them time-and-a-half overtime wages for their hours worked over forty in a workweek because they were salary exempt employee.

21.     Recently Defendant admitted to Plaintiffs and other employees that Defendant does indeed owe Plaintiffs and other employees time-and-a-half overtime wages for their hours worked over forty in a workweek, and Defendant promised to begin paying overtime pay for future overtime hours "in the near future."

22.     When Plaintiffs inquired about the years of unpaid time-and-a-half overtime wages from the past, Defendant told Plaintiffs that it was not going to pay them those wages, which Defendant itself admitted it owes Plaintiffs.  Defendant refused to offer an explanation for its refusal to pay these time-and-a-half overtime wages.

23.     In addition to its other overtime violations, Defendant also did not pay Plaintiffs any wages whatsoever for certain work that they performed off of the clock for Defendant.  Davis performs off of the clock work including, but not limited to, responding to referrals via email for

possible admissions.  Johnson performs off of the clock work including, but not limited to, taking calls regarding residents and computer work regarding health concerns and charting for residents. Defendant further mandated that Plaintiffs come in to work and perform extra long work shifts without pay when the Ohio Department of Health entered the facility.

24.     After Davis filed her original Complaint in this action against Defendant, she resigned from her position that she had held with Defendant.

25.     Davis requested that Defendant continue to allow her to perform PRN work for Defendant.

26.     Defendant agreed to allow Davis to perform PRN work for it.

27.     In about April 2021, Davis saw that a job similar to the one she had previously held for Defendant was now available, although with some additional job duties.

28.     Davis applied for this job and Defendant scheduled a phone interview with her.

29.     At the time that the interview was supposed to occur, Defendant contacted Davis and told her that it needed to reschedule the interview, but Defendant refused to provide her with any explanation for why the interview needed to be rescheduled.

30.     During this entire time, Defendant also failed to schedule Davis for any PRN shifts.

31.     On May 13, 2021, Davis emailed Defendant, "I'm reaching out to see if I'm allowed to pick[]up [shifts] on the floor.  Joanna is out on vacation.  Also I had an interview that was supposed to be rescheduled[,] can you give me an update on that as well please and thank you."

32.     In response, Defendant wrote to Davis "Hope all is well.  Currently we are engaged in litigation with you, which mean [sic] we must follow the advice/direction provided by our legal counsel.  We were looking to interview you [at] the end of this week or early next.  From my understanding as of yesterday, you were no longer interested in pursuing the interview or the open

position, but was [sic] still interested in a PRN position as a LPN nurse working the floor.  Please clarify what your intentions are so I am clear and know how to proceed."

33.     Davis replied to the email from Defendant: "Nobody explained to me why the interview was rescheduled and I haven't heard anything [since] then so I figured you chose to move forward and I was okay with that.  From my understanding I'm currently still PRN.  Does the litigation have anything to do with me picking up[?]"

34.     Defendant responded to Davis, writing "Upon your departure you implied that you would like to be considered for PRN work, then you applied for your old job once it was posted. At the time, the interviewing team was not privy to the explanation[,] the only directive was to reschedule it.  In the process of preparing to secure a date for the rescheduled interview, I was informed that you declined to move forward as of yesterday, so there was not an effort made to reach out to you.  With everything that we have in front of us, I wanted to make sure we are doing everything correct [sic] before moving forward.  So to answer your question, I was not sure and that's why I referred to our legal counsel for guidance."

35.     In response, Davis wrote "Yes I implied that I would like to remain PRN.  I'm asking was that granted or not?  I was put into the time clock so I assumed that it was granted.  I did apply for my old job once it was posted.  I was called for an interview and it was scheduled. At the time of the interview[,] Chanae called and said that they had to reschedule without an explaining [sic] why so since it has been a couple of weeks since then I assumed you guys moved forward with the hiring process.  If this litigation has something to do with that then that's fine.  I just want to know if I'm still PRN so I'll know if I can pick[]up days with Joanna.

36.     Davis never told Defendant or any other person that she was no longer interested in applying for the open position with Defendant.

37.     Defendant did not provide Davis with an interview because she complained about Defendant's refusal to pay overtime wages.

38.     Defendant did not hire Davis to a position for which she is qualified because she complained about Defendant's refusal to pay overtime wages.

39.     This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

40.     This Court has personal jurisdiction over the parties to this action.

41.     Venue is proper in the Northern District of Ohio because Defendant conducted activity that gives rise to the claim for relief in this district and because part of the claim for relief arose in this district.

42.     Plaintiffs consent to become party plaintiffs in this action.  Davis attached her written consent to her Complaint as Exhibit A.  Johnson has attached her written consent as Exhibit A to this Amended Complaint.

43.     Defendant's revenues exceed $500,000 per year.

44.     Defendant is an enterprise engaging in interstate commerce.

45.     Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

46.     Plaintiffs are overtime non-exempt employees under the Ohio Revised Code and the Fair Labor Standards Act.

47.     Plaintiffs worked significantly more than forty hours per week for Defendant.

48.     Defendant did not pay Plaintiffs time-and-a-half overtime wages for hours that Plaintiffs worked over forty in a workweek.

49.     Defendant's own pay stubs show that it only paid Plaintiffs regular straight-time wages (at most) for their hours worked over forty in a workweek, and Defendant itself recently admitted to Plaintiffs that it owes them time-and-a-half overtime wages for the work that they performed over forty in a workweek.

## COUNT I
## UNPAID OVERTIME

50.     Plaintiffs re-allege each allegation set forth in paragraphs 1-49 above.

51.     Defendant is required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

52.     Defendant has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiffs time-and-a-half overtime wages for all hours worked over a regular forty-hour workweek.

53.     Defendant's conduct with regard to not paying time-and-a-half overtime wages to Plaintiffs was willful.

54.     Plaintiffs have been damaged by Defendant's non-payment of time-and-a-half overtime wages.

55.     Plaintiffs are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

56.     Defendant is liable for the costs and reasonable attorney's fees of Plaintiffs pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT II
## FAIR LABOR STANDARDS ACT RETALIATION

57.     Davis re-alleges each allegation set forth in paragraphs 1-56 above.

58.     Davis had a reasonable belief that Defendant was engaging in unlawful overtime wage practices by not paying her and other employees time-and-a-half overtime wages for their hours worked over forty in a workweek.

59.     Defendant retaliated against Davis by refusing to hire her for the position to which she applied.  Defendant also retaliated against Davis by failing to schedule her for PRN work.

60.     Defendant refused to hire Davis and schedule Davis for PRN work because of Davis's opposition to and complaints regarding Defendant's unlawful overtime wage practices.

61.     Davis has been damaged by Defendant's retaliation, including but not limited to lost wages and non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

62.     Davis is entitled to liquidated damages and her attorney's fees and costs pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiffs demand judgment against Defendant for their unpaid overtime wages, liquidated damages, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.  Davis further demands judgment against Defendant for her lost wages, reinstatement or front pay, liquidated damages, lost fringe benefits, statutory damages, emotional distress, and any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of May, 2021, I filed the foregoing via this Court's electronic filing system, which shall serve notice upon counsel for Defendant.


<u>/s/ Christopher M. Sams</u>